FÉLIX SULIVERES ET AL., Plaintiffs and Appellants, *v.* ERASTO ARJONA SIACA ET AL., Defendants and Appellees.

No. 10741. Argued February 6, 1953.—Decided July 13, 1954.

*José M. Valentín* and *Antonio Simonpietri* for appellants. *Carlos J. Teissoniere* for appellees.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On February 10, 1951 two motor vehicles collided at Km. 54, Hm. 1, of the main highway between Cayey and Caguas, Puerto Rico, in which plaintiffs and appellants are alleged to have received certain injuries. Two days before the statute of limitation, that is, on February 8, 1952, the plaintiffs and appellants filed an action for damages in the District Court of Puerto Rico, San Juan Section.

Defendants and appellees filed a "Motion to Dismiss the complaint for lack of jurisdiction on the person of the defendants," alleging that since the defendants and appellees were all residents of the city of Ponce, Puerto Rico, and since the accident took place at Km. 54, Hm. 1 of the main

highway which is within the judicial district of Guayama, the only two sections of the former District Court with jurisdiction and competency over the person of the defendants, bearing in mind the place of the occurrence, would be the Ponce or the Guayama Section, respectively; that the defendants and appellees did not wish to submit to the jurisdiction or competency of the San Juan Section. According to Rule 12, (b) and other rules of the Rules of Civil Procedure they prayed for the dismissal of the complaint and "assuming that this motion to dismiss does not lie at law, pursuant to the legislation and the authorities in force, the appellees propose and respectively move this Court to grant an extension of time to file a timely motion for change of venue, which in their opinion is unnecessary, at this time, because they are asserting a right under the authority of Rule 12 (b) and other rules of the Rules of Civil Procedure."

The plaintiffs and appellants answered with a "Motion to deny flatly the Motion to dismiss filed by the defendants based on lack of jurisdiction", and alleged that civil actions were no longer governed by either the Rules of Civil Procedure or the Code of Civil Procedure but by Section 27 of the Organic Act of the Judiciary of Puerto Rico (Act No. 432, Sess. Laws, p. 1126), approved May 15, 1950, which provides:

"Any district of the District Court of Puerto Rico may take cognizance of any civil or criminal action under the jurisdiction of said court.

"Every civil or criminal action shall be filed in the judicial district of the corresponding territory, pursuant to the legislation in force; Provided, That if it is not so filed, the judge shall order the transfer of the case to the proper district, unless the parties thereto agree that the case be prosecuted in the district in which it was filed; and in civil cases it shall be prosecuted in the section in which it was filed, unless any of the parties thereto, within the ten (10) days following the serving of notice of the complaint, request the transfer of the case to the proper section."

The trial court, by decision of April 22, 1952, sustained the motion to dismiss filed by the defendants and appellees and subsequently denied reconsideration of the decision. The principal grounds set forth by the trial court in sustaining the motion to dismiss for lack of jurisdiction, may be summarized, according to its own words, thus: "Pursuant to the afore-copied provision of law, any Section of the District Court of Puerto Rico may take cognizance of any civil action corresponding to the jurisdiction of said Court, *but every civil action shall be filed in the judicial district of the corresponding territory, pursuant to the legislation in force.* This means that every civil action must be filed pursuant to the provisions of § § 75 to 81 of the Code of Civil Procedure of Puerto Rico . . . Section 27 of the Organic Act of the Judiciary in force does not repeal § § 75 to 81 of the Code of Civil Procedure, but on the contrary, it relies on those Sections for the purpose of determining which Sections of the District Court shall have competency to take cognizance of civil actions. Section 27 provides that the civil cases shall be prosecuted in the Section in which they were filed, unless one of the parties requests the transfer of the case to the proper section. . . . In the case of *García* v. *Central Alianza,* 65 P.R.R. 124, our Supreme Court expressly held that Rule 12 (*b*) of the Rules of Civil Procedure does not repeal § § 75 to 81 of the Code of Civil Procedure but on the contrary, that the rules and the Sections of the Code are consistent. This Court finds nothing in § 27 of the Organic Act of the Judiciary of Puerto Rico to show that it was the intention or purpose of the Legislative Assembly of Puerto Rico to repeal Rule 12 (*b*) of the Rules of Civil Procedure or § § 75 to 85 of the Code of Civil Procedure. Nor does the Court consider the provisions of § 27 inconsistent with the provisions of Rule 12 (*b*) of the Rules of Civil Procedure or with § § 75 to 85 of the Code of Civil Procedure (1933 ed.) . . . We hold therefore, that since the case at bar was

filed in this Section of the Court of Puerto Rico, which is not the proper court to entertain the case by virtue of the provisions of § 79 of the Code of Civil Procedure, the defendant party may within the ten (10) days following the service of notice of the complaint, request the transfer of the case to the proper section, pursuant to the provisions of § 27 of the Organic Act of the Judiciary, in conformance with the procedure fixed for a change of venue in § 82 of the Code of Civil Procedure and in the alternative it may, pursuant to the provisions of Rule 12(b) of the Rules of Civil Procedure, . . . pray for the dismissal of the complaint . . .
Where the defendant files a motion to dismiss the complaint for lack of jurisdiction pursuant to the provisions of Rule 12(b), the court has no alternative . . . other than to dismiss the complaint because it is an absolute right." Up to this point we have the reasoning of the trial court.

■ The purpose of Act No. 432 of May 15, 1950, establishing the Organic Act of the Judiciary of Puerto Rico, was to constitute the territory of Puerto Rico into a single judicial district, with territorial jurisdiction over the whole Island of Puerto Rico. Thus, the Justice of the Peace Court of Puerto Rico had jurisdiction over the whole island of any case assigned to it by law; the Municipal Court of Puerto Rico had territorial jurisdiction over the whole island in all matters in which jurisdiction was conferred on it by law; the District Court of Puerto Rico had territorial jurisdiction over the whole island in all matters in which jurisdiction was conferred on it by law; Sections 2 and 3 of Act 432 of May 15, 1950; *Martínez* v. *Morales*, 72 P.R.R. 200, (Snyder), (1951); *Figueroa* v. *District Court*, 72 P.R.R. 23, (Marrero), (1951).

■ The practical effect of the constitution of a single judicial district on § § 75 to 86 of the Code of Civil Procedure of Puerto Rico of 1933, was the repeal of those sections in all matters concerning the lack of jurisdiction of

the court due to filing the action in a judicial district (section) other than the one where the suit originated, but not to repeal them as to the right of the defendant party to request the transfer of the case in the same type of case where transfer would have been granted, had there been no approval of the Organic Act of the Judiciary.

██ The practical effect on Rule 12(*b*) of constituting a single judicial district is that the defendant would not be entitled to pray for dismissal because the action was filed in a section (judicial district) of improper venue: *García* v. *Central Alianza*, 65 P.R.R. 124, 126, (De Jesús), (1935), distinguished. Precisely, the aim of the Organic Act of the Judiciary is that no case shall fail on the ground that it has been filed in a section (former judicial district) other than the one where it should have been filed, and at any rate, it should be transferred to the corresponding section either by order of the judge himself or on motion of the interested party.

██ It is clear that in the instant case, the judge, *motu proprio* or on motion of a party, should transfer the case to the section of the court where according to the legislation in force it should be heard, since the parties thereto did not agree to transfer the case to another section. Since this is an action for damages which originated in the former judicial district of Guayama, the case should have been transferred, in timely fashion, to the Guayama section of the former District Court of Puerto Rico, now Superior Court of Puerto Rico, Guayama Part: § 79 of the Code of Civil Procedure of Puerto Rico, as amended by Act No. 18 of April 11, 1935, *Alvarez* v. *American R. R. Co. of P. R.*, 48 P.R.R. 464, 467 (Del Toro), (1935). As to the transfer to the Superior Court of Puerto Rico, Ponce Part, that would be subject to the discretion of the court, if the defendants and appellees convinced the latter of the propriety of such change of venue on grounds established by the law and by our jurisprudence.

The decision appealed from will be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Sifre and Mr. Justice Pérez Pimentel concur in the result.'